UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| WAYNE E. MANN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 09-2040 |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

# O R D E R

On September 3, 2010, the Court announced its decision granting Plaintiff's Motion for Summary Judgment or Remand (#10) and denying Defendant's Motion for an Order Which Affirms the Commissioner's Decision (#13). The Court ordered remand pursuant to Sentence Four of 42 U.S.C. § 405(g). Subsequently, Plaintiff filed Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act (#18). In response, Defendant filed Defendant's Response to Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act (#19). With leave of Court, Plaintiff filed Plaintiff's Reply in Support of His Application for Attorneys' Fees Under the Equal Access to Justice Act (#21).

Defendant challenges the award of fees under the Equal Access to Justice Act (hereinafter "EAJA"), claiming its position was substantially justified. If so, the attorney fees would not be recoverable under the Act.

In its decision, the Court did side with the Defendant regarding some of the claims that were raised by Plaintiff. For example, the Court found that the Administrative Law Judge (hereinafter "ALJ") did not err by his treatment of Dr. Sunkavally's opinion. Furthermore, the Court found that the ALJ did not err by discounting Dr. McAskill's opinion. The Court did not fault the ALJ for the decision to believe Dr. Santiago. That said, the Court will not engage in argument counting but rather focus on whether the overall position taken by the Social Security Administration was substantially justified.

As noted above, the ALJ chose to believe Dr. Santiago. However, the ALJ did not address Dr. Santiago's opinion that Plaintiff cannot bend, stoop, or twist. More significantly, the Court found that the ALJ misapplied applicable regulations. Specifically, the Court found that the ALJ's finding that Plaintiff was capable of performing sedentary work is inconsistent with the statement (from both the ALJ and Dr. Santiago) that Plaintiff cannot stand or walk more than one hour in a 24-hour day. According to 20 C.F.R, § 404.1567(a)(3), "[s]edentary work is an exertional class of work that a claimant can do if he can . . . occasionally walk or stand for no more than about two hours of an eight-hour workday." The Court concluded that such an error required remand.

Finally, the Court recognized that the ALJ had made factual misstatements in the credibility determination and found that the Plaintiff's activities do not support the ALJ's conclusions regarding credibility.

The Court agrees with Plaintiff that the ALJ's decision did not conform to the legal criteria and he clearly failed to follow established law. The ALJ erroneously concluded that Plaintiff could perform sedentary work. However, his own findings clearly showed that Plaintiff did not meet the criteria for sedentary work. This is a fundamental misapplication of the regulations. Failing to include restrictions identified by a doctor he chose to believe, while misstating evidence in performing his credibility analysis is equally unreasonable. The Court concludes that the Defendant has not met his burden of establishing that his position was substantially justified.

Next, the Defendant asserts that even if the Court decides that attorney fees are properly awarded, the amount claimed should be reduced. First, the Commissioner objects to a total of 3.75 hours which the Commissioner argues should not be included because it was work done prior to the filing of the complaint. The Court has reviewed the time records and determined that the work in question was all related to the district court action. Plaintiff is not attempting to recover fees for work done in matters before the ALJ or the appeals council. Plaintiff's counsel in this case did not represent him in the prior proceedings. The work cited clearly had to be

undertaken in order to make a threshold decision as to whether or not to accept representation and having decided to do so proceed with the filing of the complaint. Both sound business judgment and Rule 11 of the Federal Rules of Civil Procedure make such work necessary and appropriate. Defendant cited Berman v. Schweiker, 713 F.2d 1209, 1296 (7th Cir. 1983) in support of its position. Nothing in that case compels a result contrary to the conclusion reached by this Court.

Second, Defendant challenges 1.6 hours of the total, claiming that the record reflects clerical work which is not properly includable. The Court has carefully considered the records and Plaintiff's explanation and is satisfied that the work is not excludable on the basis that it is clerical.

Defendant's challenge to the award of attorney fees is rejected. Defendant's objections to the amount of fees are overruled. Accordingly, Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act **(#18)** is **GRANTED**. The Court awards the sum of $8,141.28 pursuant to the Equal Access to Justice Act. As aptly noted by Defendant, the award must be payable to Plaintiff. In that regard, the Court notes with approval Defendant's offer to direct that the award be payable to Plaintiff's attorney pursuant to the EAJA Assignment if counsel for Defendant can verify that Plaintiff owes no pre-existing debt subject to off-set.

ENTER this 12th day of April, 2011.

                                                   s/ DAVID G. BERNTHAL  
                                                   U.S. MAGISTRATE JUDGE